# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-2753

_____

| | |
|---|---|
| Elias Walter Wanatee, | * |
| | * |
| Petitioner-Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa |
| John Ault, | * |
| | * |
| Respondent-Appellant. | * |

_____

Submitted: March 14, 2001

Filed: August 1, 2001

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and PERRY,[1] District Judge.

_____

PERRY, District Judge.

Elias Wanatee was sentenced to life imprisonment following his conviction by an Iowa jury of first degree murder, willful injury, and assault while participating in a felony. After exhausting his state remedies, Wanatee filed a petition for habeas corpus in the

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, sitting by designation.

United States District Court pursuant to 28 U.S.C. § 2254. The district court[2] granted the petition, holding that Wanatee's constitutional rights were violated when his counsel failed to properly advise him at the plea bargaining stage. We affirm.

On November 4, 1990, Wanatee and several other individuals assaulted Kelton DeCora. A police officer saw Wanatee beating DeCora with a tire iron. The officer apprehended Wanatee, but the other assailants escaped. DeCora died shortly thereafter. An examination of the body revealed that a knife wound, rather than a blow with the tire iron, caused DeCora's death.

Immediately after Wanatee's arrest, the state offered him an opportunity to plead guilty to second degree murder in exchange for his cooperation in the prosecution of the other assailants. By the terms of the offer, Wanatee had to accept the plea before the trial information was filed. This deadline meant that the offer would be open for only ten days. Defense counsel explained the offer to Wanatee but did not advise him about the possible application of Iowa's felony murder rule to his case. In Iowa, any felonious assault may serve as the predicate felony in a felony murder conviction. E.g., State v. Rhomberg, 516 N.W.2d 803, 804-05 (Iowa 1994). A felony murder conviction in Iowa carries a mandatory sentence of life imprisonment without eligibility for parole, while a second degree murder conviction carries a sentence of fifty years with parole eligibility. Wanatee was convicted under the felony murder statute. It is undisputed that during the brief period in which the plea offer was open, Wanatee's trial counsel possessed enough information to know that the felony murder rule encompassed Wanatee's conduct.

We review the district court's conclusions of law *de novo* and its findings of fact for clear error. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir.1999). To prevail on an ineffective assistance of counsel claim, a petitioner must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense.

---

[2]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

Strickland v. Washington, 466 U.S. 668, 700 (1984). The "prejudice" prong of Strickland requires that the petitioner demonstrate the existence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. 668, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Because the state court denied Wanatee's ineffective assistance claim on the merits, however, we may affirm the district court's order granting habeas relief only if the state's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or . . . a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Under the "unreasonable application" clause, a "federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In rejecting Wanatee's ineffective assistance claim, the Iowa Court of Appeals held that Wanatee could not show that he had been prejudiced by any inadequate advice at the plea bargaining stage because he ultimately received a fair trial. Like the district court, we conclude that the Iowa court's decision amounts to an objectively unreasonable application of Strickland's prejudice prong. The Supreme Court has long held that Strickland applies to ineffective assistance claims arising out of the plea bargaining process. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice inquiry in such cases "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the *plea process*." Id. at 59 (emphasis added). Moreover, a large body of federal case law holds that a defendant who rejects a plea offer due to improper advice from counsel may show prejudice under Strickland even though he ultimately received a fair trial. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (collecting cases). To establish prejudice under such circumstances, the petitioner must show that he would have accepted the plea but for counsel's advice, and that had he done so he would have received a lesser sentence. Id.

- 3 -

Having concluded that § 2254(d) presents no barrier to Wanatee's ineffective assistance claim, we now consider the claim on its merits. With respect to Strickland's performance component, we adopt the reasoning of the district court. We also affirm the district court's finding that Wanatee suffered Strickland prejudice. The state vigorously challenges the district court's finding that Wanatee would have accepted the plea offer if properly advised. This finding amounts to one of fact, however, and we cannot say that it is clearly erroneous. We recognize that the district court purported to apply an "objective" standard in analyzing whether Wanatee would have accepted the plea offer had he been properly advised. Although we think that the inquiry into what Wanatee would have done under different circumstances is necessarily subjective, we believe it is clear from the district court's opinion that the court actually applied a subjective analysis. It is therefore unnecessary to remand this case to the district court for consideration under the proper standard. The state also argues that Wanatee could not have furnished the prosecution with information that would have satisfied the conditions of the plea. We reject this argument for the reasons stated by the district court.

The state also contends that the district court should not have held evidentiary hearings. This contention is meritless. A review of the record reveals that Wanatee exercised diligence in developing the factual basis of his claims in state court. See 28 U.S.C. § 2254(e)(2).

For the foregoing reasons, the district court's judgment is AFFIRMED.
A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.