# IN THE SUPREME COURT OF IOWA

No. 85 / 07–0566

Filed September 19, 2008

**GARY KIRCHNER,**

    Appellant,

vs.

**STATE OF IOWA,**

    Appellee.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Ida County, James D. Scott, Judge.

On further review of a decision of the court of appeals, a post-conviction relief applicant challenges the denial of his ineffective-assistance-of-counsel claim. **AFFIRMED.**

Martha M. McMinn, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Elisabeth S. Reynoldson and Robert P. Ewald, Assistant Attorneys General, and Kristal L. Phillips, County Attorney, for appellee.

**HECHT**, **Justice**.

This case presents a question of whether an attorney provided ineffective assistance to a client who rejected the State's offer of a plea bargain in a class "A" felony case. We conclude the district court and the court of appeals correctly concluded the client failed to prove he suffered prejudice as a consequence of his attorney's advice, and therefore affirm the denial of the request for post-conviction relief.

## I.     Factual and Procedural Background.

In late 1996 Gary Kirchner was charged with two counts of first-degree burglary, criminal mischief, domestic abuse assault, and first-degree kidnapping. The charges resulted from an incident in which Kirchner transported his estranged wife to remote areas, beat her with a tire iron, and otherwise physically and sexually abused her. The first-degree kidnapping charge carried a mandatory life sentence without parole. Iowa Code §§ 710.2, 902.1 (1995).

Prior to trial, the county attorney sent a letter to Kirchner's defense attorney, Gregory Jones, detailing an offer for Kirchner to plead guilty to one count of second-degree kidnapping, one count of second-degree burglary, and one count of third-degree sexual abuse. The plea offer provided for a twenty-five year prison sentence. The county attorney acknowledged in the letter that his "prior experience with Mr. Kirchner suggests that he will not reasonably consider any plea proposal short of a dismissal." Jones forwarded the offer to Kirchner, who was out on bail, and asked Kirchner to meet him at the Ida County courthouse to discuss the offer. Kirchner did not show up for the meeting.

Jones's investigator later located Kirchner at Kirchner's parents' home in Correctionville. When the investigator communicated the offer to him, Kirchner replied, "[F]uck that anyway, I am not taking any plea

offer." When Jones later discussed the possibility of a plea deal with Kirchner prior to trial, Jones encouraged Kirchner to accept the twenty-five-year offer. Kirchner flatly rejected the offer and the case proceeded to trial in October 1997.

During the early stages of the trial, Kirchner exhibited bizarre behavior. He threatened his wife upon the completion of her testimony, became very agitated, and intermittently fell asleep. This conduct led Jones to request a mistrial on the ground Kirchner was mentally unfit to continue. A mistrial was ordered after Kirchner was found incompetent to stand trial as a consequence of psychosis related to chronic methamphetamine use. Kirchner was found to have regained competency, however, approximately one month later.

Prior to the commencement of Kirchner's trial in January 1998, the State informally offered to allow Kirchner to plead to "just about anything" that would result in a prison term, including a class "D" felony. Kirchner again rejected the offer and the case proceeded to trial.[1] Before the trial began the district court held an ex parte hearing regarding Kirchner's request for a new attorney. During the hearing, Kirchner repeatedly accused Jones of working with the prosecutor and others against him and professed his innocence of the charges. The court ultimately denied Kirchner's request for a new attorney. The jury found Kirchner guilty on all counts. Because he was found guilty of the first-degree kidnapping charge, Kirchner was sentenced to life in prison without the possibility of parole. The court of appeals affirmed the convictions on direct appeal. *State v. Kirchner*, 600 N.W.2d 330 (Iowa Ct. App. 1999).

---

[1]Kirchner's ineffective-assistance-of-counsel claim relates only to trial counsel's advice in connection with the twenty-five-year plea offer.

Kirchner filed a post-conviction-relief action, contending trial counsel rendered ineffective assistance by erroneously advising him as to the strength of the State's case on the kidnapping charge, and asserting counsel's erroneous advice caused him to reject the twenty-five-year plea offer. Kirchner testified Jones informed him the case was circumstantial and that Jones believed they could prevail. Kirchner also presented the deposition testimony of his sisters, Michelle Kline and Debra Sundene, and his mother, Thelma Kirchner. Michelle, Debra, and Thelma were present on some occasions when Kirchner met with Jones before trial. Each of these witnesses testified Jones stated the State's case was not very strong because there were no fingerprints linking Kirchner to the crime scenes and the case was otherwise based on circumstantial evidence.

Jones offered the following recollection of his advice to Kirchner regarding the relative strength of the State's evidence on the charges:

> The kidnapping was what I believed before both trials was the weakest of the State's claims, and that was largely because of the facts that I thought might support the fact that this woman was voluntarily with her husband, but – and I may have suggested that to them, that that might be the weaker part of it.

Despite his assessment that the State's case on the kidnapping charge was perhaps less strong than the evidence supporting the other charges, Jones believed Kirchner's wife was a good and credible witness, and he advised Kirchner to accept the plea offer calling for a prison sentence of twenty-five years. Kirchner does not deny he was advised by counsel to accept the State's plea offer.

The district court denied Kirchner's claim for post-conviction relief, finding "Jones clearly informed Kirchner of the strengths and

weaknesses of the State's case." The district court also found Kirchner failed to demonstrate prejudice resulting from Jones's allegedly erroneous advice. Kirchner appealed from the district court's adverse post-conviction ruling, and we transferred the matter to the court of appeals for decision.

The court of appeals did not address whether Jones breached a duty owed to Kirchner, but it affirmed the district court's conclusion Kirchner failed to demonstrate prejudice resulting from any claimed breach of duty owed by Jones to Kirchner. *Kirchner v. State*, 2007 WL 4197129 at *2–3 (Iowa Ct. App. Nov. 29, 2007). We granted further review.

## II. Scope of Review.

We review ineffective-assistance-of-counsel claims de novo. *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008). To establish an ineffective-assistance-of-counsel claim, an applicant must demonstrate by a preponderance of the evidence "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "The court need not address both components if the [applicant] makes an insufficient showing on one of the prongs." *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995); *State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999) (noting we may affirm the rejection of an ineffective-assistance-of-counsel claim if either element is lacking). The two-pronged analysis applies to ineffective-assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 209 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2065, 2068, 80 L. Ed. 2d 674, 694, 698 (1984)); *Straw*, 709 N.W.2d at 135–36.

**III. Discussion.**

**A. Applicable Legal Standard.** The district court and the court of appeals applied a subjective standard in the determination of whether Kirchner met his burden to prove by a preponderance of the evidence that *he* would have accepted the plea deal if he had been properly advised by his counsel. Kirchner urges us to conclude prejudice must instead be measured by an objective standard—whether *a reasonable person* would have accepted or rejected the plea offer if correctly advised by defense counsel.

The Supreme Court first held the two-part *Strickland* test applied to claims of ineffective assistance arising out of the plea process in *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203. In *Hill*, the Court stated the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59, 106 S. Ct. at 370, 88 L. Ed. 2d. at 210. *Strickland* requires an ineffective-assistance-of-counsel claimant to demonstrate actual prejudice. *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067, 80 L. Ed. 2d at 696. This actual prejudice requirement has led courts to hold that in order to prove prejudice, an applicant who previously rejected a plea offer in favor of going to trial "must show that, but for counsel's advice, he would have accepted the plea." *Engelen,* 68 F.3d at 241. The applicant "must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." *Id.*

We conclude the objective standard proposed by Kirchner for the measurement of prejudice would undermine *Strickland*'s requirement that the applicant demonstrate counsel's unprofessional errors "*actually* had an adverse effect on the defense." *Strickland*, 466 U.S. at 693, 104

S. Ct. at 2067, 80 L. Ed. 2d at 696 (emphasis added). It would allow a defendant who claimed innocence and flatly rejected all advice of his counsel to accept a reasonable plea bargain to nonetheless claim the benefit of what a reasonable person would have done under the circumstances. Our rejection of the proposed objective standard is consistent with the court's analysis in *Hill*. In that case the Court rejected the habeas petitioner's claim because he failed to allege that had counsel's advice on the plea offer been accurate, his decision regarding whether to accept the plea offer would have been different. *Hill*, 474 U.S. at 60, 106 S. Ct. at 371, 88 L. Ed. 2d at 210. The Court did not consider whether, assuming accurate advice from counsel, a "reasonable defendant" would have accepted the plea offer. Instead, it looked to whether the petitioner had alleged "special circumstances that might support the conclusion that he placed particular emphasis" on the erroneous advice. *Id.* Our reading of *Hill* and the decisions of other courts who have addressed this issue finds no support for the application of an objective standard. *See, e.g., Wanatee v. Ault*, 259 F.3d 700, 704 (8th Cir. 2001) ("*Wanatee II*"); *Engelen*, 68 F.3d at 241 (stating a petitioner must present some "credible, non-conclusory evidence that he would have pled guilty had he been properly advised" to command an evidentiary hearing).

Kirchner cites only one judicial decision adopting an objective standard such as he proposes, *Wanatee v. Ault*, 101 F. Supp. 2d 1189 (N.D. Iowa 2000) ("*Wanatee I*"). On direct appeal in that case, however, the Eighth Circuit Court of Appeals expressly disavowed the district court's purported application of an objective prejudice standard.

> We recognize that the district court purported to apply an "objective" standard in analyzing whether Wanatee would have accepted the plea offer had he been properly advised.

> Although we think that the inquiry into what Wanatee would have done under different circumstances is necessarily subjective, we believe it is clear from the district court's opinion that the court actually applied a subjective analysis.

*Wanatee II*, 259 F.3d at 704. The court's conclusion in *Wanatee II* the proper standard was a subjective one was consistent with its earlier statement in *Engelen* that the claimant "must show that, but for counsel's advice, *he* would have accepted the plea." *Engelen*, 68 F.3d at 241 (emphasis added). Accordingly, we hold a subjective standard for the measurement of prejudice shall be applied in the determination of whether a defendant would have accepted a plea offer and received a lesser sentence but for the ineffective assistance of counsel.

**B.    Analysis.** We now turn to the question of whether Kirchner is entitled to relief under the applicable subjective standard. The thrust of Kirchner's ineffective-assistance argument is that counsel's allegedly erroneous advice made the twenty-five-year plea offer appear far less advantageous than it actually was, and induced Kirchner to reject it. On de novo review, we reject Kirchner's claim that Jones misrepresented the strength of the State's case on the kidnapping charge by characterizing it as "weak." We find the assessment of the State's case provided by Jones to Kirchner merely communicated Jones's professional opinion that the evidence supporting the kidnapping charge was less compelling than the evidence supporting the other charges. Jones did not believe the State's kidnapping case was weak, and he did not advise Kirchner to go to trial on that or any other charge. Our finding on this point is supported by the uncontroverted evidence that Jones advised Kirchner to accept (1) the plea offer that would have resulted in a prison sentence of twenty-five years, and (2) the prosecutor's subsequent informal proposal contemplating a plea to a class "D" felony. Jones gave this advice

because he believed the evidence supported Kirchner's conviction on the serious charges including first-degree kidnapping.

Kirchner offered no evidence to support his self-serving statement that he would have accepted the plea deal had he known the great likelihood of his conviction of first-degree kidnapping. *Wanatee I*, 101 F. Supp. 2d at 1204 (stating ineffective-assistance claimant must make prejudice showing with something more than self-serving statements). Indeed, the only evidence in the record speaking to the likelihood of Kirchner accepting the twenty-five-year plea offer overwhelmingly establishes Kirchner would not have accepted it regardless of counsel's advice.

In making the plea offer, the assistant county attorney noted his prior dealings with Kirchner led him to believe Kirchner was not likely to reasonably consider or accept any plea offer. The response made by Kirchner to the proposal conformed to the prosecutor's expectations. After failing to show up at a scheduled meeting with Jones to discuss the plea deal, Kirchner was located by Jones's investigator. Kirchner immediately and summarily rejected the notion of taking any plea offer. Kirchner again rebuffed the proposed plea bargain immediately prior to trial when he rejected Jones's advice to accept the twenty-five-year plea offer.

Kirchner's mother and sister testified Kirchner professed his innocence of the charges when the plea deal was offered, and unequivocally rejected the offer. Kirchner's own testimony establishes that when he rejected the twenty-five-year plea offer, he believed Jones, the judge, and the prosecutor were all "in cahoots" with one another. Even after the first trial ended in a mistrial and Kirchner was found to have regained competency to stand trial, he rejected Jones's advice to

accept an offer of an even more advantageous plea bargain. The evidence clearly establishes Kirchner was unwilling to plead guilty to any offense. Each time he was approached with the prospect of a guilty plea, Kirchner abruptly and boisterously rejected it, claiming he had committed no crime. Even when Jones advised him to take a plea offer that would eliminate all risk of a life sentence and result in a prison term of up to five years, Kirchner summarily rejected it on the ground that he was guilty of no crime. Our rejection of the objective standard for the measurement of prejudice appropriately denies defendants like Kirchner, who unreasonably deny guilt of any criminal offense, flatly reject all plea offers, and take their chances on the outcome of a trial, the retroactive conferral of the status of "reasonable defendants" and the opportunity for a "do-over." The record in this case provides no credible factual basis to support a finding that Kirchner would have accepted the State's plea offer if Jones had characterized differently the likelihood of a conviction on the first-degree kidnapping charge.

Accordingly, Kirchner has failed to demonstrate prejudice.

**IV.    Conclusion.**

The district court and the court of appeals correctly found Kirchner failed to establish prejudice resulting from counsel's allegedly erroneous advice. We therefore affirm the denial of Kirchner's petition for post-conviction relief.

**AFFIRMED.**

All justices concur except Streit and Baker, JJ., who take no part.