## IN THE COURT OF APPEALS OF IOWA

No. 15-1090
Filed August 17, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DANIEL MCTAGGART,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Dubuque County, Monica Ackley, Judge.

　　　　The defendant appeals from his guilty plea for robbery in the second degree. **AFFIRMED.**

　　　　Matthew L. Noel of Mayer, Lonergan & Rolfes, Clinton, for appellant.

　　　　Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

　　　　Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Daniel McTaggart appeals from his guilty plea for robbery in the second degree pursuant to a plea agreement reducing the charge from robbery in the first degree. Following his guilty plea, McTaggart filed two motions in arrest of judgment, which were denied, and new counsel was appointed to represent him. On appeal, he maintains he received ineffective assistance from trial counsel because (1) counsel had not adequately reviewed the discovery to properly advise him regarding the strength of the State's case against him, and (2) counsel wrongly advised him that he would likely receive probation rather than jail time. McTaggart asserts that he would have chosen to go to trial if he had known: (1) the weakness of the State's case against him and (2) that receiving a suspended sentence and probation was not a possible outcome of his guilty plea.[1] The State argues the issues should be preserved to allow for a more complete record.

Because claims of ineffective assistance have their basis in the constitution, we review de novo. *State v. Willis*, 696 N.W.2d 20, 22 (Iowa 2005).

Here, we have only McTaggart's assertions that counsel failed to read the State's discovery and improperly advised him regarding his possible sentence.[2]

---

[1] McTaggart pled guilty to robbery in the second degree, which is a forcible felony, and therefore he was not eligible for a suspended sentence. *See* Iowa Code §§ 702.11, 907.3 (2013).

[2] Counsel admitted on the record at the hearing for the motion in arrest of judgment that he was not aware of, and thus did not previously advise McTaggart of, the mandatory minimum until the time for the plea colloquy. However, according to the record before us, once counsel and McTaggart became aware of the mandatory minimum, McTaggart was given time to consult with counsel off the record. McTaggart was also told during the plea colloquy that he could stop proceedings at any point to consult with counsel. During the colloquy, McTaggart was asked if he was aware both that there was a mandatory minimum concerning the sentence and that it was a seven-tenths

*See Kirchner v. State*, 756 N.W.2d 202, 206 (Iowa 2008) (noting that for an ineffective-assistance claim, prejudice must be shown by something more than a self-serving statement). A defendant is entitled to effective representation during the plea bargaining process. *State v. Dempsey*, 806 N.W.2d 860, 868 (Iowa 2015). But the record before us is not adequate to determine whether McTaggart received it. *See State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997) (stating we generally preserve claims of ineffective assistance "to allow full development of the facts" and only in rare cases will we do otherwise). Therefore, we preserve McTaggart's claims of ineffective assistance for possible future proceedings. *See State. v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("If . . . the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim."); *see also* Iowa Code § 814.7(3). We affirm.

**AFFIRMED.**

---

requirement, "which means [he would] stay in prison for seven years before [he was] eligible for parole." McTaggart answered both questions affirmatively and then entered his guilty plea.