## IN THE COURT OF APPEALS OF IOWA

No. 16-2201
Filed September 13, 2017

**BOBBY GENE BLUE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.


The applicant appeals from the district court's denial of his application for

postconviction relief.  **AFFIRMED.**


Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee State.


Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Bobby Blue appeals from the district court's denial of his application for postconviction relief (PCR). Blue was originally charged with sexual abuse in the second degree, lascivious acts with a child, and indecent contact with a child. If convicted of sexual abuse in the second degree, Blue faced a twenty-five-year prison sentence with a mandatory minimum of seventy percent. He reached a plea agreement with the State whereby he pled guilty to sexual abuse in the third degree and lascivious acts with a child and he received a fifteen-year sentence without a mandatory minimum.

Blue did not file a motion in arrest of judgment before sentencing, and he did not file an appeal.

Blue challenged his guilty plea for the first time in his application for PCR. He claimed his trial counsel was ineffective for failing to file a motion to suppress inculpatory statements Blue made to the police. Blue asserted he would not have entered into a plea agreement with the State and instead would have insisted on going to trial if counsel had alerted him that his incriminating statements may not have been admissible at that trial. Blue makes the same claim on appeal, arguing the PCR court decided the issue wrongly.

Although we generally review the denial of an application for PCR for correction of errors at law, when there is an alleged denial of constitutional rights, we make our evaluation of the totality of the circumstances in a de novo review. *See Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). To succeed on his claim of ineffective assistance, Blue has the burden to establish "(1) counsel failed to perform an essential duty; and (2) prejudice resulted." *Id.* at 158

(quoting *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008)). In the context of a guilty plea, an applicant for PCR must prove a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Additionally, "[a] defendant's guilty plea is not necessarily rendered involuntary merely because it follows his defense counsel's mistaken assessment of the admissibility of the State's evidence." *Id.* Blue "can, however, challenge the validity of his guilty plea by proving the advice he received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases." *See id.* at 642. Here, we consider whether trial counsel breached a duty in not filing a motion to suppress Blue's confession to a police officer and whether Blue suffered prejudice as a result. *See id.* at 644.

Blue's claim fails if is he unable to establish either element, and in such a situation, we need not consider both. *See Kirchner v. State*, 756 N.W.2d 202, 204 (Iowa 2008) ("The court need not address both components if the [applicant] makes an insufficient showing on one of the prongs." (alteration in original)). But here, we specifically find that Blue has failed in both regards.

If we accepted Blue's testimony about the police interview as true, we may find that a motion to suppress Blue's confession was likely to succeed and should have been pursued. But Blue's testimony regarding what happened during the police interview was at odds with his trial counsel's testimony, and the PCR court specifically found the attorney's statements more credible. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) (noting that even when we review an issue de novo, we still "give considerable deference to the trial court's findings

regarding the credibility of the witnesses"). Moreover, Blue has the burden to establish that his trial counsel breached a duty, yet he failed to introduce into evidence a copy of the video containing the confession so the reviewing court could ascertain the chance of success of such a motion. We cannot say counsel breached a duty by not filing a motion to suppress when we have no way of ascertaining whether the motion would have merit. *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) (noting "counsel has no duty to raise issues that have no merit," so counsel cannot be found to be ineffective if the defendant's underlying claims lack validity).

Blue also failed to establish that he would have insisted on going to trial if counsel made him aware of the option to file a motion to suppress. At the PCR hearing, Blue repeatedly testified he chose to enter into a plea deal with the State after his trial counsel "scared him" by accurately conveying the charges he faced and the sentence he would receive if found guilty of those charges. Blue agreed his plan or intent for his case was "damage control," meaning he wanted to "get the best offer and move on." His trial counsel testified similarly, stating Blue never told him he was innocent, "they got the wrong guy," or that he wanted to proceed to trial. The only caveat trial counsel offered was that he was "fairly certain" they would have proceeded to trial "[h]ad the State rejected the 15-year or wanted him to go higher." Although Blue made a few statements during his testimony at the PCR hearing that he would have insisted on going to trial if he knew there was a chance his confession could be suppressed, these self-serving statements are not enough to establish prejudice. *See Kirchner*, 756 N.W.2d at 206 (noting the defendant "offered no evidence to support his self-serving

statement" as he attempted to establish prejudice in a claim of ineffective assistance); *State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006) ("'[C]onclusory claims of prejudice' are not sufficient to satisfy the prejudice element." (citation omitted)).

We affirm the denial of Blue's application for PCR.

**AFFIRMED.**