# IN THE COURT OF APPEALS OF IOWA

No. 18-1075
Filed January 9, 2020

**TERRY L. SCHOTT, SR.,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Chickasaw County, Margaret L. Lingreen, Judge.

Terry Schott appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VAITHESWARAN, Presiding Judge.**

A jury found Terry Schott guilty of third-degree sexual abuse in connection with sex acts performed on a fifteen-year-old girl. This court affirmed his judgment but vacated his sentence and remanded the case for resentencing. *State v. Schott*, No. 10-0158, 2011 WL 2071725, at *1 (Iowa Ct. App. May 25, 2011). Following resentencing, Schott filed a postconviction-relief application. The district court denied the application after an evidentiary hearing.

On appeal, Schott argues (1) his trial attorneys were ineffective in connection with plea discussions he rejected; (2) the postconviction court erred in rejecting his claim of newly-discovered evidence; and (3) the postconviction court should have granted a new trial based on the trial court's denial of his requests for expert witnesses.

## I. *Plea Advice – Ineffective Assistance of Counsel*

Schott contends he was "completely unaware" that the class "C" felony of third-degree sexual abuse "carried with it a sentence [of] lifetime parole and that knowing this information would have seriously changed his decision to reject a plea offer made by the State and take the matter to trial by jury." He asserts his trial attorneys were ineffective in failing to inform him of the sentence. To prevail, Schott must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the plea context, the prejudice inquiry focuses on whether counsel's conduct affected the plea process. *Kirchner v. State*, 756 N.W.2d 202, 205 (Iowa 2008) ("This actual prejudice requirement has led courts to hold that in order to prove prejudice, an applicant who previously rejected a plea offer in favor of going to trial 'must show

that, but for counsel's advice, he would have accepted the plea.'" (citation omitted)). We "do not, in the light of 20-20 hindsight, assume the role of Monday morning quarterback." *Fryer v. State*, 325 N.W.2d 400, 414 (Iowa 1982).

Schott testified the State afforded him the chance to plead guilty to a misdemeanor, which would not have carried a sentence of lifetime parole. He stated he would have "seriously considered" the plea offer had his attorneys "explained" the prospect of "lifetime supervision" associated with the third-degree sexual abuse charge. Schott "offered no evidence to support his self-serving statement." *See Kirchner*, 756 N.W.2d at 206; *see also Langdeaux v. State*, No. 10-1625, 2012 WL 1439077, at *3 (Iowa Ct. App. Apr. 25, 2012) (noting "[t]he applicant must present some credible, nonconclusory evidence that he would have pled guilty had he been properly advised," citing defense attorney's testimony that the defendant was angry about pleading guilty because he "was convinced he didn't do anything wrong" (citation omitted)). And, as the postconviction court noted, Schott admitted telling his attorneys he did not wish to plead guilty to any crime. Finally, while Schott testified that he did not learn of the lifetime-parole obligation until after he "was actually in prison," the order imposing judgment and sentence stated Schott was "subject to the special sentencing provisions of Iowa Code [s]ection 728.12" and stated, "In addition to any other punishment set forth in this order, defendant is committed to the custody of the director of the Department of Corrections for the rest of his life, with eligibility of parole as provided in Iowa Code section 906." *See* Iowa Code § 903B.1 (2008) ("A person convicted of . . . a class 'C' felony under section 728.12, shall also be sentenced, in addition to any other punishment provided by law, to a special sentence

committing the person into the custody of the director of the Iowa Department of Corrections for the rest of the person's life, with eligibility for parole as provided in chapter 906.").[1]  Although the sentencing order post-dated trial and any plea negotiations, the order's reference to lifetime parole casts doubt on Schott's claimed ignorance of the sentence.

On our de novo review, we conclude this was a case of buyer's remorse. *See Bucklin v. State*, No. 06-1942, 2008 WL 375219, at *3 (Iowa Ct. App. Feb. 13, 2008).  Schott did not establish a reasonable probability that he would have pled guilty to the misdemeanor rather than proceed to trial.  Accordingly, the postconviction court appropriately denied his ineffective-assistance-of-counsel claim.

## II.    *Newly-Discovered Evidence*

Schott next contends he presented newly-discovered evidence to support his claim that the fifteen-year-old fabricated the allegation of abuse and the postconviction court erred in rejecting the evidence.  The claimed newly-discovered evidence came in the form of an affidavit attached to Schott's postconviction-relief application.  The affiant was the teen's now-incarcerated boyfriend, who attested: "[The teen] accused Schott of rape to get his son . . . sent to live with his mother."

"[Iowa Code s]ection 822.2(1)(d) gives a postconviction-relief applicant a right of action when '[t]here exists evidence of material facts, not previously

---

[1] One week after the sentencing order was filed, the district court clarified the special sentence was pursuant to Iowa Code section 903B.1.

presented and heard, that requires vacation of the conviction or sentence in the interest of justice.'" *Moon v. State*, 911 N.W.2d 137, 151 (Iowa 2018) (quoting Iowa Code § 822.2(1)(d)). To prevail, Schott had to show:

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Id.* The postconviction court determined the issue of whether the teen fabricated the sex abuse allegation was raised at trial and the claimed newly-discovered evidence was merely cumulative and impeaching. We agree.

Schott's attorney asked the teen if "it entered [her] mind that [she was] concerned about [Schott's son] living at [Schott's] house." The teen responded, "Yeah." In closing argument, Schott's attorney wondered aloud why the teen was "off on a tangent about whether [Schott's son was] going to be taken away from [his] father." There is no question that Schott attempted to impugn the teen's credibility at trial by presenting the jury with a motive for her to fabricate the allegation against him. This is precisely what the newly-discovered evidence purported to do.

Schott conceded as much at the postconviction hearing. He admitted the post-trial affidavits he proffered were consistent with his trial defense. We conclude the affidavit he attached to his application was "merely impeaching" and the district court did not err in denying Schott's newly-discovered evidence claim. *See id.* at 152.

### III.    *Expert Testimony*

During the criminal proceedings, Schott asked the court to approve two expert witnesses at State expense.  The trial court denied the requests, addressing the issue several times.  Schott raised the issue again in his postconviction-relief application.  The postconviction court concluded he was not prejudiced by the trial court's denial of his requests.

On appeal, Schott contends the trial court's denial violated his "due process rights."  We disagree.  The trial court provided detailed reasons for rejecting the expert witness requests, including Schott's inability to articulate the opinions of one of the witnesses and the cumulative nature of another witness's testimony.  Had the issue arisen on direct appeal, we would have reviewed the court's ruling for an abuse of discretion.  *Cf. Schott*, 2011 WL 2071725, at *2 (concluding district court "appropriately exercised its discretion" in excluding a portion of another expert's testimony in Schott's criminal trial).  Schott did not provide additional or different evidence at the postconviction hearing that would have led to a conclusion that the trial court's denial of funding for these experts deprived Schott of a fair trial.  We affirm the postconviction court's denial of the expert-witness claim.

**AFFIRMED.**