# IN THE COURT OF APPEALS OF IOWA

No. 19-1068
Filed April 29, 2020

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**CHAD MICHAEL VICE,**
       Defendant-Appellant.

_____

Appeal from the Iowa District Court for Lee (North) County, Michael J. Schilling (guilty plea) and Mark E. Kruse (sentencing hearings), Judges.

Chad Vice appeals from his guilty plea. **AFFIRMED.**

William (Bill) Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

Chad Vice pled guilty to a felony drug charge. During the plea colloquy, the district court did not inform Vice that his sentence would include a $10 DARE surcharge and a $125 law enforcement initiative surcharge. *See* Iowa Code §§ 911.2(1), .3(1)(a) (2018). Because of this oversight, Vice claims his plea was not made voluntarily and intelligently. *See* Iowa R. Crim. P. 2.8(2)(b). So Vice asks this court to vacate his plea.[1]

But the plea judge warned Vice that if he failed to file a timely motion in arrest of judgment, he would lose his right to challenge the plea on appeal. *See* Iowa R. Crim. P. 2.8(2)(d). Even so, Vice did not file a motion in arrest of judgment.[2] So Vice waived any claim of error in the plea colloquy. *See* Iowa R.

---

[1] "We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

We recognize Iowa Code section 814.6 was recently amended to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140, § 28. In *State v. Macke*, however, our supreme court held this amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). Because this appeal was pending on July 1, 2019, the amendment "do[es] not apply" to this case. *See id.*

[2] And we do not believe his failure should be excused. We note the following procedural history. The court accepted Vice's plea on March 22, 2019. The same day, the court set sentencing for May 10. On May 3, though, a warrant issued for violation of the conditions of Vice's pretrial release. After Vice was arrested on the warrant, the court continued Vice's sentencing date to June 7.

On May 30, Vice received new counsel (his second) due to a conflict of interest with his initial counsel. Then, on June 4, Vice's second attorney moved to withdraw and to continue sentencing. The court granted the motion, appointed new counsel (Vice's third), and continued sentencing two weeks to June 21.

Eleven days later—and just three days prior to the June 21 sentencing—Vice's third attorney moved for a third continuance so counsel could order and review the plea transcript before filing a motion in arrest of judgment. The district court denied the motion, noting "[t]his sentencing hearing has already been continued twice." And we note that, by the time Vice's third counsel filed this motion (on June 18), the deadline for filing a motion in arrest of judgment had already passed. *See* Iowa R. Crim. P. 2.24(3)(b) (requiring a motion in arrest of

Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such a challenge on appeal.").

As a fallback position, Vice claims his counsel was ineffective[3] in failing to ensure Vice was informed of the surcharges. To prevail on this claim, Vice would have to prove not only that (1) his counsel "failed to perform an essential duty," but also (2) he was prejudiced because "there is a reasonable probability that, but for counsel's errors, he . . . would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 133, 138 (Iowa 2006). The State concedes the first prong but disputes Vice would have "insisted on going to trial" over $135 in surcharges. And although Vice's appellate brief claims "he would not have pled guilty" if he had known of these "additional penalties," the record contains no supporting evidence. *See Kirchner v. State*, 756 N.W.2d 202, 206 (Iowa 2008) (declining to accept postconviction-relief applicant's unsupported,

---

judgment be filed no "later than five days before" the date set for pronouncing judgment). The district court did not abuse its discretion by denying a third continuance. *See State v. Artzer*, 609 N.W.2d 526, 529–31 (Iowa 2000) (reviewing denial of continuance motion for an abuse of discretion). And to the extent Vice claims his due process rights were violated because counsel did not have access to the plea hearing transcripts, we disagree. *Cf. In re T.S.*, 868 N.W.2d 425, 433 (Iowa Ct. App. 2015) (concluding the unavailability of a transcript of a prior proceeding does not inherently violate due process).

[3] We review ineffective-assistance claims de novo. *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018).

We recognize section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. But because this appeal was pending on July 1, 2019, we may consider Vice's ineffective-assistance claim on direct appeal if the record is sufficient. *See Macke*, 933 N.W.2d at 228.

"self-serving statement that he would have accepted the plea deal had he known" additional information).

So we conclude the record is not sufficiently developed for us to resolve Vice's ineffective-assistance claim. We preserve his claim for postconviction-relief proceedings. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018).[4]

**AFFIRMED.**

---

[4] As a last resort, Vice invites us to adopt the plain-error rule doctrine and apply it to his claim. We decline. Our supreme court has repeatedly refused to adopt the plain-error doctrine. *See, e.g.*, *State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016) (noting the supreme court has "repeatedly declined 'to abandon our preservation of error rules in favor of a discretionary plain error rule'" (citation omitted)).