**Corey Earl ENGELEN,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 95–1100.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1995.

Decided Oct. 13, 1995.

James Whalen, Des Moines, Iowa, argued for appellant.

Mary Clare Luxa, Des Moines, Iowa, argued (Don C. Nickerson as United States Attorney, on the brief), for appellee.

Before HANSEN, BRIGHT, and MURPHY, Circuit Judges.

BRIGHT, Circuit Judge.

A jury convicted Corey Engelen on eleven counts of making false statements to a financial institution. The district court[1] sentenced Engelen to twenty-two months (1 year 10 months) imprisonment followed by five years of supervised release. Engelen did not file a direct appeal but brought this post-conviction proceeding under 28 U.S.C. § 2255, contending that he had received ineffective assistance of counsel which resulted in his rejection rather than acceptance of a plea bargain proposed by the prosecution. The

**1.** The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

district court denied Engelen relief without granting an evidentiary hearing. Engelen appeals, asserting error in the district court's denial of an evidentiary hearing. We affirm.

## I. BACKGROUND

In April 1993, Engelen was indicted on one count of conspiracy to make false statements to influence financial institutions in violation of 18 U.S.C. § 371 and fourteen counts of making false statements in violation of 18 U.S.C. § 1014. Various financial institutions had extended loans to Engelen based upon misrepresentations he made concerning his assets.

Prior to trial, the government offered Engelen a plea bargain. Although the parties dispute the length of the sentence Engelen would have received under the proposal, all parties agree that the proposed plea provided that if Engelen pled guilty to one count of the indictment, the remaining charges against both him and his wife would be dismissed. Engelen rejected the plea agreement, and the trial and conviction followed.

In March 1994, Engelen filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Shortly thereafter, he filed a petition for habeas corpus. The claims, as a whole, made several allegations of ineffective assistance of counsel. Because the habeas petition was not filed in the proper judicial district, the district court treated the subsequent habeas petition as a motion amending the § 2255 motion.

In October 1994, Engelen, now represented by appointed counsel, waived all his claims except the allegation of ineffective representation in regard to the offered plea bargain. He argued that his sixth amendment right to effective assistance of counsel was infringed because the lawyer he retained failed to inform him about (1) applicable United States Sentencing Guidelines provisions, (2) a statutory mandatory minimum sentence, and (3) the advantages of accepting the proffered plea agreement. Engelen's wife and his parents provided affidavits which support these claims.

Engelen's trial counsel, William Kutmus, stated in an affidavit that he advised Engelen to accept the government's offer because he believed the government's evidence of guilt was overwhelming. In his affidavit, Kutmus maintained that he discussed the possible sentence Engelen would receive under the federal sentencing guidelines. Terry Wright, counsel for Engelen's wife, stated in an affidavit that Kutmus asked him to call Engelen and discuss the plea bargain with him. Wright stated that he talked to Engelen and advised him of the potential advantages of pleading guilty. Both Kutmus and Wright stated that Engelen refused to consider the plea bargain and maintained his innocence.

The district court denied Engelen's motion. Citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court concluded that Engelen had not, and could not, make a sufficient showing of prejudice to justify an evidentiary hearing.

## II. DISCUSSION

A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255; *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985). Accordingly, a petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *United States v. Rodriguez Rodriguez*, 929 F.2d 747, 749–50 (1st Cir.1991); *see also Holloway v. United States*, 960 F.2d 1348, 1358 (8th Cir.1992) (a single, self-serving, self-contradicting statement is insufficient to render the motion, files and records of a case inconclusive); *Larson v. United States*, 905 F.2d 218, 220–21 (8th Cir.1990) (evidentiary hearing not required if the facts alleged, taken as true, would not justify relief); *Smith v. United States*, 618 F.2d 507, 510 (8th Cir.1980) (mere statement of unsupported conclusions will not suffice to command a hearing); *cf. Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.

1985) (explaining *United States v. Unger,* 665 F.2d 251 (8th Cir.1981) (evidentiary hearing required where allegations are sufficiently specific and neither conclusory nor incredible in face of the record)).

We review the district court's decision as to whether an evidentiary hearing is necessary to determine factual contentions for an abuse of discretion. *Widgery v. United States,* 796 F.2d 223, 224 (8th Cir.1986).

*Strickland*'s two-part test applies to ineffective assistance claims arising out of the plea process. *See Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). First, the movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. at 2064. Second, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Id.* at 697, 104 S.Ct. at 2069.

We address the prejudice prong. In doing so we recognize that a defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show prejudice if the plea bargain agreement would have resulted in a lesser sentence. *See Rodriguez Rodriguez,* 929 F.2d at 753 & n. 1; *United States v. Day,* 969 F.2d 39, 43 (3d Cir.1992); *Turner v. Tennessee,* 858 F.2d 1201, 1205–07 (6th Cir.1988), *vacated on other grounds,* 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989), *reinstated,* 726 F.Supp. 1113 (M.D.Tenn.1989), *aff'd,* 940 F.2d 1000 (1991), *cert. denied,* 502 U.S. 1050, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992); *Toro v. Fairman,* 940 F.2d 1065, 1068 (7th Cir.1991), *cert. denied,* 505 U.S. 1223, 112 S.Ct. 3038, 120 L.Ed.2d 907 (1992); *United States v. Blaylock,* 20 F.3d 1458, 1465–67 (9th Cir.1994); *Diaz v. United States,* 930 F.2d 832, 835 (11th Cir. 1992).

To establish prejudice, however, the movant must show that, but for his counsel's advice, he would have accepted the plea. To command an evidentiary hearing, the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised.

The record is completely barren of any evidence that Engelen would have acknowledged his guilt prior to trial. Engelen testified at the trial and maintained his innocence of the crimes alleged. In two letters written to his trial counsel after completion of the trial, Engelen continued to assert his innocence and stated that he would like to request a new trial. Further, Engelen made no direct assertion that he would have pled guilty if his counsel had provided him with additional information concerning the risks of trial. Thus, Engelen has failed to show any prejudice in his moving papers as a basis for an evidentiary hearing and the district court did not err in denying a hearing to Engelen.

### III.  CONCLUSION

Accordingly, we affirm.