United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-3896

| | | |
|---|---|---|
| Darryl Nimrod, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  June 9, 1997

Filed:  September 4, 1997

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and KYLE,[1]
     District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Darryl Nimrod was indicted on three counts related to the distribution of cocaine base and, according to him,  the government subsequently offered to enter into two plea agreements with him.  It first offered him an eighteen-month sentence in exchange for a guilty plea on one count and an agreement to testify against his co-defendants.  When he rejected this offer, the government proposed a plea agreement under which he did

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

not have to testify but would receive an eight-year sentence. He rejected this plea offer as well and went to trial. After a jury found Mr. Nimrod guilty of two counts of conspiracy to distribute cocaine, the trial court sentenced him to 360 months imprisonment on each count, to run concurrently, and we affirmed his conviction and sentence. *See United States v. Nimrod,* 940 F.2d 1186 (8th Cir. 1991), cert. denied, 502 U.S. 1079 (1992).

Mr. Nimrod then brought the present action to vacate his sentence under 28 U.S.C. § 2255, arguing that he rejected the government's second offer only because his counsel told him that he faced a maximum sentence of fourteen years. (Mr. Nimrod did not assert in his petition that he would have accepted the first plea offer had he been properly advised with respect to his potential sentence.) But for this ineffective assistance of his counsel, Mr. Nimrod says, he would not have gone to trial and would have been sentenced to only eight years.

The infirmity in Mr. Nimrod's argument, as the district court[2] pointed out, is that, assuming the truth of Mr. Nimrod's allegations, the deal that he was offered was not one that the trial court could have accepted, because the statute under which the government charged Mr. Nimrod carried a minimum sentence of ten years. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. If Mr. Nimrod had pleaded guilty under such an agreement, the most that he could have expected would have been to be allowed to withdraw his plea when it was discovered that the sentence agreed to was illegal, and then go to trial -- precisely the course of action about which he now complains.

Mr. Nimrod argues on appeal, however, that the offer from the government was actually for the ten-year minimum statutory sentence, and that the eight-year figure that

---

[2]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

his lawyer mentioned to him was just a rough approximation of the actual time, after good-time deductions, that he would have to serve under the minimum sentence. We are not sure that Mr. Nimrod made this argument below, but even if he did, it is of no avail to him. That is because, even assuming that Mr. Nimrod's construction of the offer made to him is correct, that offer was itself one that the sentencing court would have had to reject because Mr. Nimrod was a career offender, and, because his offense level under the sentencing guidelines was 37 and his criminal history category was VI, he was therefore subject to a minimum sentence of thirty years. *See* U.S.S.G. § 4B1.1(A). This is precisely the sentence that he received after going to trial, and he therefore cannot claim that any prejudice resulted from his counsel's advice.

Since Mr. Nimrod is not entitled to any relief even if all of his allegations are taken as true, the district court properly denied his petition without a hearing. *See Engelen v. United States,* 68 F.3d 238, 240-41 (8th Cir. 1995). We therefore affirm the district court's order.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-