# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3269

_____

Shon Lamar Sanders,

        Appellant,

v.

United States of America,

        Appellee.

Appeal from the United States
District Court for the
Eastern District of Missouri.

_____

Submitted: April 15, 2003
Filed: September 3, 2003

_____

Before BYE, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Shon Lamar Sanders' first trial resulted in a hung jury and a mistrial. He was retried and convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and carrying a firearm during and in relation to drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Sanders was sentenced to 175 months in prison, consisting of concurrent 115-month prison terms for the felon-in-possession and drug convictions, and a mandatory consecutive 60-month prison term for the conviction for carrying a firearm during and in relation to drug trafficking.

Sanders filed a 28 U.S.C. § 2255 motion, alleging ineffective assistance of trial counsel. The district court[1] denied the motion without an evidentiary hearing but granted a certificate of appealability. On appeal, Sanders advances one argument: trial counsel misadvised him about his sentencing exposure if he accepted the government's plea offer and his sentencing exposure if he was found guilty at trial, which caused him to proceed to trial and receive a longer sentence than he would have received if he had pleaded guilty. For the reasons discussed below, we affirm the judgment of the district court.

I.

A defendant who claims that he received ineffective assistance of trial counsel has the burden to show both that counsel's performance was deficient--i.e., that "the identified acts or omissions were outside the wide range of professionally competent assistance" despite the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"--and that the defendant suffered prejudice--i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 689-90, 694 (1984). When the defendant's claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, the defendant "must show that, but for his counsel's advice, he would have accepted the plea." Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).

A § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record,

---

[1] The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

inherently incredible, or conclusions rather than statements of fact." Id. at 240. To avoid dismissal, "the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." Id. at 241.

II.

It is undisputed that the government orally offered to allow Sanders to plead guilty to the charge of carrying a firearm during and in relation to drug trafficking. In return, the government would have dismissed the other charges. It is also undisputed that Sanders' trial counsel conveyed this plea offer to Sanders, who rejected it. (Had Sanders accepted this plea offer, he would have been sentenced to 60 months in prison, the mandatory statutory penalty.)

In the proceedings below, Sanders' trial counsel submitted an affidavit which describes the advice he provided about the plea offer. Counsel told Sanders at least twice that he would face a range of 36-48 months in prison if he pleaded guilty, and a range of 108-120 months in prison if he was found guilty at trial. Sanders has not submitted any affidavits or other evidence of his own. Rather, he rests on the inaccuracy of counsel's estimates: Sanders actually would have been sentenced to 60 months in prison if he had accepted the plea offer, while his Guidelines imprisonment range, after being found guilty at trial, was 92-115 months for the felon-in-possession and drug convictions, plus the mandatory consecutive 60-month prison term for the conviction for carrying a firearm during and in relation to drug trafficking.

We do not disagree with Sanders that the record shows he was misadvised about his sentencing exposure. However, we fail to see how trial counsel's inaccurate advice would have made Sanders any less likely to accept the plea offer than he would have been if he had received accurate advice. First, Sanders was advised that by pleading guilty, he would limit his exposure to 36-48 months in prison, which is a *more enticing* prospect than the 60 months in prison he would have been told he

3

faced if counsel had accurately explained the plea offer. Second, trial counsel's inaccurate numbers nonetheless accurately conveyed the concept that by pleading guilty, Sanders would limit his exposure to about one-third of the sentence he would face if found guilty at trial.[2] Thus, on this point, we conclude that Sanders' assertion that he would have accepted the government's plea offer but for trial counsel's erroneous advice is either "contradicted by the record" or "inherently incredible" in light of the record. See Engelen, 68 F.3d at 240.

Trial counsel's affidavit also describes his impressions of Sanders' unwillingness to consider pleading guilty. According to counsel, Sanders always expressed a desire to proceed to trial, and none of counsel's discussions about the possibility of a guilty plea seemed to sway him. Sanders has not submitted any affidavits or other evidence of his own. Rather, he rests on his assertion that he would have changed his mind and pleaded guilty if only he had been advised correctly about his sentencing exposure.

The record appears to corroborate counsel's impressions rather than Sanders' assertion: Sanders denied his guilt at the time of his arrest, he testified at his first trial that he was completely innocent, and he failed to raise at his sentencing hearing any of the concerns raised in his § 2255 motion. A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he

---

[2] Under counsel's inaccurate figures of 36-48 months for a guilty plea versus 108-120 months for convictions at trial, Sanders would have limited his exposure by pleading guilty to 30-44% of the prison sentence he faced if found guilty at trial. Under the correct figures of 60 months for a guilty plea versus 152-175 months for convictions at trial, Sanders would have limited his exposure by pleading guilty to 34-39% of the prison sentence he faced if found guilty at trial. The percentages under counsel's numbers were close enough to the percentages under the correct numbers to give Sanders an accurate idea of the extent to which he could reduce his sentencing exposure by pleading guilty.

would have pleaded guilty if only he had received better advice from his lawyer. See, e.g., United States v. Stevens, 149 F.3d 747, 748 (8th Cir.), cert. denied, 525 U.S. 1009 (1998); Engelen, 68 F.3d at 241. Thus, on this point, we conclude that Sanders has failed to meet his burden to "present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." See id.

### III.

For the reasons stated above, we conclude that Sanders has not shown that he received ineffective assistance of trial counsel within the meaning of Strickland. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5