# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-3224

———————————————

Lorenzo Roundtree

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

—————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

—————————

Submitted: October 25, 2013
Filed: May 30, 2014

—————————

Before BYE, SMITH, and BENTON, Circuit Judges.

—————————

BYE, Circuit Judge.

Lorenzo Dontae Roundtree appeals the denial without a hearing of his motion to vacate, set aside, or correct his sentence, in which he alleged various grounds for a claim of ineffective assistance of trial counsel. We granted a certificate of appealability to consider whether the district court was required to conduct an evidentiary hearing in this case and whether Roundtree's trial counsel provided ineffective assistance by not informing Roundtree 21 U.S.C. § 841(b)(1)(C) mandated

Roundtree receive a life sentence if convicted at trial. We remand to the district court for an evidentiary hearing.

I

In 2006, Roundtree was indicted for distribution of heroin resulting in the death of another in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Roundtree had previously been convicted of an earlier felony drug offense. Accordingly, pursuant to § 841(b)(1)(C), he faced a mandatory life sentence if convicted of the charge at trial. Roundtree and the government discussed various plea options. However, Roundtree decided to proceed to trial, after which he was convicted and sentenced to life in prison. His conviction was affirmed on direct appeal on September 17, 2008. United States v. Roundtree, 534 F.3d 876 (8th Cir. 2008).

In 2009, Roundtree filed a *pro se* motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Among other grounds not germane to this appeal, Roundtree alleged his trial counsel, Michael Lindeman, had provided ineffective assistance by failing to advise Roundtree of the mandatory nature of the life sentence pursuant to 21 U.S.C. § 841(b)(1)(C).

In 2011, Roundtree moved to amend his petition, to allege, amongst other claims also not germane to this appeal, Lindeman had provided ineffective assistance by incorrectly advising him the maximum possible sentence Roundtree could receive if convicted was 360 months. In support of this motion, Roundtree submitted a sworn affidavit in which he averred he would have been amenable to accepting one of the government's offered plea agreements in order to obtain a lesser sentence had Lindeman advised him of the consequences of the life sentence. Joint Appendix 91.

Lindeman submitted a response entitled "affidavit" regarding Roundtree's allegations. In it, Lindeman averred he had talked extensively with Roundtree about

-2-

the "ramifications of the consequence of a § 851 notice, ie [sic]: a life sentence." Id. at 105. Lindeman also averred he had advised Roundtree that "if he were to fight the case and lose, the Court could sentence him to a life sentence." Id. at 106.

The district court resolved the motions without an evidentiary hearing. It denied the motion to amend in part, concluding Roundtree's attempt to amend his ineffective assistance claim had been untimely. The district court did, however, grant the motion to amend as to another of Roundtree's claims. The district court denied the § 2255 motion, finding Roundtree had received notice of the possibility of a life sentence via the pre-trial detention hearing and the pre-sentence investigation report. The district court also found Lindeman credible, and Roundtree's assertion he would have accepted a plea deal had Lindeman accurately advised him about the mandatory nature of the life sentence "wholly unpersuasive." Id. at 157.

We granted a certificate of appealability to consider 1) whether the district court was required to hold an evidentiary hearing regarding Roundtree's claim Lindeman provided ineffective assistance by not informing him of the mandatory nature of the life sentence, and 2) whether the district court properly denied relief on the claim.[1]

II

We first consider whether the district court was required to conduct an evidentiary hearing. "A Section 2255 movant is entitled to an evidentiary hearing . . . unless the motion, files, and record conclusively show he is not entitled to relief." Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001). "Our review of a district court's ruling in a § 2255 proceeding is de novo both on matters of law and on mixed questions of law and fact." Deltoro-Aguilera v. United States, 625 F.3d 434,

---

[1]After this matter was submitted, Roundtree filed a pro se motion for review and preservation of error of a legal issue outside the scope of the certificate of appealability. The motion is denied.

436 (8th Cir. 2010) (citing United States v. Duke, 50 F.3d 571, 576 (8th Cir. 1995)). Accordingly, "[w]hen a district court denies a § 2255 motion without an evidentiary hearing, as in this case, we affirm only if our de novo review reveals that the motion and the files and records of the case conclusively show that [the movant] is entitled to no relief." Id. (internal quotation marks and citations omitted).

To be entitled to relief on his claim of ineffective assistance of trial counsel, Roundtree must prove 1) Lindeman's performance was unreasonably deficient, and 2) Roundtree suffered such prejudice from the deficient performance there is a reasonable probability the result would have been different. United States v. Taylor, 258 F.3d 815, 818 (8th Cir. 2001). Failure to establish either prong would be fatal to Roundtree's claim. Worthington v. Roper, 631 F.3d 487, 498 (8th Cir. 2011) (citing Strickland v. Washington, 466 U.S. 668, 697 (1984)). Thus, the district court was required to hold an evidentiary hearing regarding Roundtree's ineffective assistance claim unless the record conclusively established either that Lindeman did not perform deficiently or that Roundtree suffered no prejudice as a result of Lindeman's allegedly deficient performance.

III

A.    Performance

Roundtree asserts Lindeman deficiently performed by failing to inform him of the mandatory nature of the life sentence Roundtree would face if convicted at trial. We, like the district court, are required to accept Roundtree's assertions "as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle [Roundtree] to relief." Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir. 2012) (citing Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

-4-

It is not inherently incredible Lindeman could have failed to advise Roundtree § 841(b)(1)(C) imposed a mandatory life sentence in Roundtree's circumstances. In fact, the record shows that, at the detention hearing attended by Roundtree, the government and the court incorrectly identified the possible sentence to which Roundtree would be exposed if convicted as a range of twenty years to life. Appellee's Addendum 7. Nor do Lindeman's statements necessarily contradict Roundtree's assertion. Other than stating he told Roundtree a life sentence was possible if convicted, Lindeman only offered a general comment the two had extensively discussed a life sentence. Due to the general nature of the comment, the court can only speculate whether those discussions included Lindeman informing Roundtree the sentencing "range" provided for by § 841(b)(1)(C) for Roundtree's circumstances consisted of a mandatory life sentence.

Accordingly, the record is inconclusive whether Lindeman's performance was deficient.

B.    Prejudice

The record here is also inconclusive whether Roundtree was prejudiced by Lindeman's alleged failure to advise. The record indicates the government and Lindeman "explored various options of a plea that would make it so [Roundtree] wasn't looking at a life sentence." Appellant's Addendum 12. "When the defendant's claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, the defendant must show that, but for his counsel's advice, he would have accepted the plea." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (internal quotation marks and citation omitted). Roundtree avers that, had Lindeman advised him of the mandatory nature of the life sentence, he would have been open to accepting one of the plea agreements offered by the government.

The government contends we should rely on the district court's assessment of Roundtree's assertion he would have been amenable to accepting a plea offer as not credible. Where, however, the record does not affirmatively refute the factual assertions on which a movant's claim is based, a court is required to hold a hearing before making findings on a movant's credibility. See Watson v. United States, 493 F.3d 960, 964 (8th Cir. 2007). The record here does not affirmatively refute Roundtree's assertion. Accordingly, as the district court did not hold an evidentiary hearing, we must accept Roundtree's assertion as true unless it is contradicted by the record, inherently incredible, merely conclusory, or would not entitle him to relief. Garcia, 679 F.3d at 1014.

The government urges us to rely on Sanders, in which we rejected a similar assertion. Like Roundtree, Sanders was convicted at trial after rejecting an offered plea deal, and then contended he would have accepted the deal but for his trial counsel's erroneous advice about the sentences to which he was exposed. Sanders, 341 F.3d at 721. We rejected the assertion there, concluding it was contradicted by the record or inherently incredible in light of the facts in the record. Id. at 722-23.

In concluding Sanders's assertion was inherently incredible, we reasoned Sanders's counsel's erroneous advice had actually made the rejected plea deal seem more appealing by understating the possible sentence Sanders would have been exposed to had he taken the offer. Id. at 722. Lindeman's advice, by contrast, is alleged to have made *going to trial* relatively more enticing by indicating Roundtree would be exposed to a range of possible sentences, of which life in prison was the most severe. It is not inherently incredible Roundtree would have chosen to accept a plea deal had Lindeman informed him the statute mandated Roundtree receive a life sentence if convicted at trial.

Nor does the record here contradict Roundtree's assertion in the same way the record in Sanders contradicted the defendant there. Unlike Roundtree, Sanders failed

to offer a sworn affidavit in support of the assertion in his motion that he would have accepted a plea offer. Id. at 723. In addition, Sanders's trial counsel described Sanders in his sworn affidavit as consistently unwilling to admit guilt and expressing a desire to proceed to trial over the contrary advice of counsel. Id. Lindeman's "affidavit", which we note does not indicate it was a sworn statement, is actually silent regarding whether Roundtree was willing to admit guilt.

The government contends the court may take as evidence of Roundtree's reluctance to admit guilt a statement Lindeman made at the final pre-trial conference that Roundtree had "expressed no interest in cooperating" or otherwise pleading guilty. Appellee's Brief 23. The government, however, attributes to Lindeman a statement actually made by the prosecutor. See Appellant's Addendum 13. The prosecutor's statement reflecting his own view of the plea negotiation process may call into question Roundtree's willingness to plead guilty. It does not, however, affirmatively contradict Roundtree's assertion he would have been amenable to accepting a plea offer if properly advised.

Finally, the government contends Roundtree only speculates he would have received anything other than a life sentence had he accepted a plea offer. As an evidentiary hearing may only be excused when the record conclusively establishes the movant is not entitled to relief, Koskela, 235 F.3d at 1149, the fact there is room for such speculation demonstrates an evidentiary hearing is required here.

IV

We remand Roundtree's claim Lindeman provided ineffective assistance by failing advise him of the mandatory nature of the life sentence, to the district court for an evidentiary hearing to determine whether Lindeman advised Roundtree

§ 841(b)(1)(C) mandated a life sentence in Roundtree's circumstances and, if not, whether Roundtree was prejudiced as a result of the omission.

_____