# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3837

_____

Juan Carlos Arteaga Talavera

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 22, 2016
Filed: November 2, 2016

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury convicted Juan Carlos Arteaga Talavera of conspiracy to distribute methamphetamine, seven counts of distributing methamphetamine, and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(C), and 846. Arteaga appealed his 292-month sentence; we affirmed. United States v. Arteaga Talavera, No. 12-3802 (8th Cir. July 2, 2013) (unpublished). In 2014, Arteaga filed this motion for post-conviction relief under 28

U.S.C. § 2255, alleging that he would have entered into a plea agreement with the government and received a lesser sentence had trial counsel provided proper information and advice prior to trial. After an evidentiary hearing at which Arteaga and trial counsel William Eddy testified, Arteaga focused the claim on his contention that Eddy provided ineffective assistance by failing to properly explain Arteaga's opportunity to obtain "safety valve" sentencing relief, and that, with an accurate explanation, he would have pleaded guilty and received a lesser sentence.[1]

To prevail on this claim of ineffective assistance of trial counsel, Arteaga must "show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The district court[2] denied relief, concluding that Arteaga failed to establish that counsel's alleged ineffective assistance resulted in Strickland prejudice because Arteaga "failed to establish that he would have truthfully provided the government with all the information and evidence he had regarding the offense" either before or after trial, as 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5) require.[3] Arteaga appealed. The

[1]To qualify for safety valve relief, a defendant must prove (1) he "does not have more than 1 criminal history point;" (2) he "did not use violence or credible threats of violence . . . in connection with the offense;" (3) "the offense did not result in death or serious bodily injury to any person;" (4) he "was not an organizer, leader, manager, or supervisor of others in the offense;" and (5) he "has truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses. . . ." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a).

[2]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa, adopting the Report and Recommendation of the Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa.

[3]Having determined that Arteaga failed to establish prejudice, the district court did not need to decide whether counsel's performance was deficient. Strickland, 466 U.S. at 697.

district court granted a certificate of appealability limited to whether Arteaga "was prejudiced by trial counsel's deficient advice regarding obtaining a sentence . . . under the so-called 'safety valve.'" See 28 U.S.C. §§ 2253(c); 2255(d). Reviewing the district court's safety valve findings for clear error, United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc), cert. denied, 546 U.S. 1121 (2006), and the ultimate issue of Strickland prejudice de novo, Rodela-Aguilar v. United States, 596 F.3d 457, 461 (8th Cir. 2010), we affirm.

The hearing record included a written Plea Agreement the Government proposed to Arteaga in February 2012, six months before trial. The Agreement provided that he would plead guilty to the conspiracy count, and the government would dismiss the eight other counts, resulting in a mandatory minimum sentence of ten years and a maximum sentence of life in prison. The proposed Agreement recited a factual basis for the guilty plea and stipulated that Arteaga was responsible for at least 1,498 grams of actual methamphetamine and that neither party recommended a sentencing adjustment for his role in the offense. In a cover letter to defense counsel Eddy, the prosecutor stated her belief that the Agreement would result in an advisory guidelines sentencing range of 135 to 168 months in prison or, if Arteaga "is interested in proffering" and the safety valve applies, 108 to 135 months.

At the hearing, Eddy testified that he brought the proposed Plea Agreement to Arteaga, and a translator read it to him in Spanish. They discussed the Plea Agreement, and Eddy wrote Arteaga, strongly urging him to accept it. Eddy reviewed with Arteaga the evidence the government had produced in discovery, stated his belief that Arteaga would be convicted, and warned that the ten-year mandatory minimum sentence "would likely double or more" if Arteaga rejected the Plea Agreement and was convicted after a trial. Despite this advice, Arteaga maintained his innocence, refused to accept the Plea Agreement or cooperate with the government, and stated he would proceed to trial. Eddy's meeting notes corroborated this testimony. The record also reflects that, three days before trial, the court held a

hearing to ensure that Arteaga understood the government's plea offer. At that hearing, Arteaga confirmed that Eddy had relayed the offered Agreement, that Arteaga understood its terms, and that he rejected the offer and would proceed to trial.

During direct examination, Eddy testified that he advised Arteaga that he could get a sentence below the ten-year mandatory minimum only if he provided substantial assistance to the prosecution. On cross exam, Arteaga's counsel focused on safety valve relief, which entitles an eligible defendant to a guidelines range sentence "without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f). Eddy testified it was his understanding at the time that, to satisfy the requirement of § 3553(f)(5), a safety valve proffer "has to reach the level of a substantial assistance-type cooperation," which includes testifying against co-defendants. Based on this testimony, and Arteaga's testimony that he refused the government's Plea Agreement because he did not want to cooperate, Arteaga argues that Eddy's mistaken advice that a safety valve proffer required full cooperation with the government, rather than merely truthful information about Arteaga's offense, was ineffective assistance that prejudiced Arteaga by causing him to reject the plea offer and proceed to trial.

"When the defendant's claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show [Strickland] prejudice, the defendant must show that, but for his counsel's advice, he would have accepted the plea." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199 (2004). Here, Arteaga introduced no evidence meeting this rigorous standard. He steadfastly maintained his innocence before and during trial, and at sentencing. At the § 2255 hearing, as the district court found, he did not "testify that had he been adequately advised about the benefits of the safety valve he would have accepted the plea agreement." "A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer."

-4-

Sanders, 341 F.3d at 723. Thus, as in Hyles v. United States, "[n]othing in the record indicates [Arteaga] wanted to accept the plea offer and would have acknowledged [his] guilt" if properly advised about the safety valve. 754 F.3d 530, 535 (8th Cir.), cert. denied, 135 S. Ct. 392 (2014).

Moreover, to show prejudice, a defendant who asserts that counsel was constitutionally ineffective for erroneous advice about the safety valve has "the burden to show affirmatively that [he has] satisfied each requirement for the safety valve, including whether truthful information and evidence have been given to the government." Alvarado-Rivera, 412 F.3d at 947. A defendant merely stating that he would have provided truthful information is not sufficient. See Deltoro-Aguilera v. United States, 625 F.3d 434, 438 (8th Cir. 2010). Here, as the district court found, Arteaga "did not testify as to what information he would have been willing to disclose at a [safety valve] proffer." Indeed, he did not even testify that he would have been willing to proffer at all.

A truthful proffer would have required Arteaga to acknowledge his role in the conspiracy offense and provide information about his co-conspirators. See United States v. Sanchez, 475 F.3d 978, 981 (8th Cir. 2007). He testified at the § 2255 hearing that he repeatedly told Eddy he was not guilty, did not know his co-defendants or knew them only casually, and would not cooperate against them. On this record, the district court did not clearly err in finding no showing that Arteaga would have provided the government all the information he had regarding the extensive conspiracy offense. Thus, Arteaga failed to establish Strickland prejudice regarding the claim that ineffective assistance caused him not to plead guilty.

Finally, Arteaga argues on appeal that, even if he would not have pleaded guilty, Eddy still had a duty to pursue the safety valve after the jury verdict because "safety valve relief is available even to a defendant that foregoes a plea of guilty and

is found guilty by a jury."[4]  While the legal proposition is sound, Arteaga's § 2255 motion and the evidence introduced at the § 2255 evidentiary hearing focused entirely on the claim that he would have pleaded guilty before trial if properly advised about the safety valve.  Thus, neither Arteaga nor counsel Eddy testified to whether the safety valve was discussed at or before sentencing, and whether Arteaga would have been willing to attempt a qualifying proffer at that time.  This belated claim fails for lack of proof.

Moreover, the claim is inherently implausible on this record.  There is not a shred of evidence that Arteaga would have been willing before sentencing to truthfully provide all information he had about a conspiracy offense he denied committing.  In addition, at sentencing, the district court imposed a two-level increase for obstruction of justice based on Arteaga's pretrial threat of physical harm directed at a co-defendant who testified for the government at Arteaga's trial.  A defendant who receives an obstruction of justice enhancement for threatening a cooperating witness is not eligible for safety valve relief because he has used "violence or credible threats of violence . . . in connection with the offense."  U.S.S.G. § 5C1.2(a)(2); United States v. Sandoval-Sianuqui, 632 F.3d 438, 443 (8th Cir.), cert. denied, 132 S. Ct. 240 (2011).

The Order of the district court dated October 14, 2015 is affirmed.

_____

---

[4]By qualifying for safety valve relief at sentencing, Arteaga would have decreased his base offense level by two levels. See U.S.S.G. § 2D1.1(b)(16) (2012).