BETH PHILLIPS, CHIEF JUDGE
Movant is incarcerated in the Federal Medical Center in Carswell, Texas. She filed this case pro se pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence entered against her in the above-cited criminal case. Although Movant has not timely responded to Respondent's motion to dismiss, the Court can resolve the matter without the necessity of further briefing. For the reasons explained below, Respondent's motion to dismiss (Doc. 5 )[1] is GRANTED. The Court DENIES a certificate of appealability.
*782 I. Background
On July 14, 2016, Movant pleaded guilty to her role in a conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crim. Docs. 53, 54. On November 17, 2016, Movant was sentenced to two concurrent sentences of 61 months' imprisonment. Crim. Doc. 73. Judgment was entered on November 18, 2016. Crim. Doc. 73. Movant did not appeal.
On March 20, 2019, Movant filed this motion pursuant to § 2255, with a certificate of service dated February 27, 2019. Doc. 1.
II. Legal Standard
Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence by alleging "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" A motion under this statute provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." Sun Bear v. United States , 644 F.3d 700, 704 (8th Cir. 2011) (citations omitted).
A § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States , 341 F.3d 720, 722 (8th Cir. 2003) (citation omitted). Additionally, a petition that consists only of "conclusory allegations unsupported by specifics [or] contentions that, in the face of the record, are wholly incredible," is insufficient to overcome the barrier to an evidentiary hearing on a § 2255 motion. Blackledge v. Allison , 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).
III. Discussion
In her sole ground, Movant asserts a violation of her Sixth Amendment rights in that she alleges her video and telephone conversations with her attorney were recorded when she was a pre-trial detainee at CoreCivic, formerly Corrections Corporation of America, in Leavenworth, Kansas (hereafter "CCA"). Doc. 1 at 4. Respondent argues in part that this case should be dismissed as having been untimely filed. Doc. 5 at 5.
A one-year period of limitation applies in § 2255 cases. The one-year limitation period runs from the latest of "(1) the date on which the judgment of conviction becomes final; ... [or] (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f).
The judgment became final on November 18, 2016. Movant had until December 2, 2016, to file a notice of appeal. When Movant did not appeal, her conviction became final. Movant thus had until December 2, 2017, to timely file her § 2255 motion. Movant filed her motion on February 27, 2019; therefore, under § 2255(f)(1), she filed this case more than fourteen months late.
*783 Liberally construing Movant's motion, she seeks to apply the exception in § 2255(f)(4), stating that "new evidence as of January 11, 2019 makes motion timely." Doc. 5 at 10. Under this provision, the limitation period runs from the latest of the date that "the facts supporting the claims could be discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4) (emphasis added). Equitable tolling is established only upon a showing: (1) that the petitioner has pursued his or her habeas corpus rights diligently, and (2) that some extraordinary circumstance stood in the petitioner's way and prevented timely filing of a habeas corpus petition. Holland v. Florida , 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). In other words, to be entitled to a finding of timeliness in § 2255(f)(4), "a petitioner 'must show the existence of a new fact, while also demonstrating [that she] acted with diligence to discover the new fact.' " Anjulo-Lopez v. United States , 541 F.3d 814, 820 (8th Cir. 2008) (citation omitted). See also Jihad v. Hvass , 267 F.3d 803, 805 (8th Cir. 2001) (application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes"). It is Movant's burden to demonstrate that equitable tolling is warranted. See Pace v. DiGuglielmo , 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).
Here, even if Movant's assertions are true - that prosecutors with the United States Attorney's Office for the District of Kansas listened to Movant's conversations with her attorney when she was detained in CCA - with reasonable effort, Movant could have discovered the on-going investigation pertaining to eavesdropping on privileged attorney-client communications at CCA being conducted in the District of Kansas. As Respondent notes, initial media reports appeared regarding the investigation by September of 2016, before Movant was sentenced by the Court. Reports filed by the Special Master appointed to investigate the claims were first filed in December 2016. In other words, it is evident that Movant need not have waited until well after the one-year statute of limitations expired to seek habeas relief. Anjulo-Lopez , 541 F.3d at 820.
Thus, although Movant alleges she did not discover the investigation until January of 2019, Movant has not met her burden of establishing that she exercised due diligence in pursuing her rights under § 2255, or that extraordinary circumstances stood in her way of timely filing her motion. Because the one-year period of limitation contained in § 2255(f) expired before Movant filed this case, absent another viable exception, the Court must dismiss this case. See United States v. Craycraft , 167 F.3d 451, 456-57 (8th Cir. 1999) (court may not consider the merits of untimely claims).
Ex gratia , even if Movant had met her burden of establishing equitable tolling, Movant fails to sufficiently establish that such actions took place regarding her attorney-client conversations. See Kress v. United States , 411 F.2d 16, 20 (8th Cir. 1969) ("In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner."). Movant's allegations that her attorney-client communications were improperly recorded and provided to the prosecution are conclusory and unsupported in the record.
As set forth in the Respondent's response, the allegations stem from a case in the United States District Court for the District of Kansas, United States v. Black , No. 16-20032-JAR. Movant provides no evidence that her attorney-client communications were recorded or that the communications were turned over to prosecutors in *784 the Western District of Missouri. A report filed by the Special Master determined that attorney-client conference rooms at CCA did record video, but not audio, of attorney-client meetings. Black , No. 16-20032-JAR, Doc. 214 at 2 . The report also noted that, although all calls are recorded, telephone numbers belonging to attorneys may be designated as "private" and then are not supposed to be recorded. Id. at 11. Additionally, although Movant was detained at CCA prior to trial, neither of her attorneys (Melanie Morgan and Susan Hunt) were identified by the Special Master as having been recorded. Black , No. 16-20032-JAR, Doc. 187 at 5 . Finally, even if Movant could present evidence to support her conclusory allegations, Movant fails to establish how she was prejudiced.
IV. Certificate of Appealability
Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.
V. Conclusion
Respondent's motion to dismiss (Doc. 5 ) is GRANTED because Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is untimely filed, and the Court declines to issue a certificate of appealability. The Clerk of the Court shall enter judgment accordingly.
IT IS SO ORDERED.

"Crim. Doc." refers to the docket number entries in Movant's above-cited criminal case. "Doc." refers to the docket number entries in Movant's above-cited civil case.