**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 20-3587

———————————

UNITED STATES OF AMERICA

v.

DEXTON BRUNSON,

Appellant

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-17-cr-00068-001)
District Judge:  Honorable John E. Jones, III

———————————

Argued on January 10, 2023

Before: JORDAN, PHIPPS and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 1, 2023)

Brianna K. Edwards
David R. Fine                    (**ARGUED**)
K&L Gates
17 North Second Street
18th Floor
Harrisburg, PA 17101

          Counsel for Appellant

William A. Behe
Carlo D. Marchioli          (**ARGUED**)
Office of United States Attorney
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17101

          Counsel for Appellee

———————

OPINION[*]

———————

**ROTH**, Circuit Judge

I.

Agents arrested Dexton Brunson in his home. During a security sweep, they found small chunks of marijuana on the hallway floor and a one-dollar bill with a white powdery substance in Brunson's pocket. One of the agents instructed Trooper Rodney Fink to apply for a search warrant. Trooper Fink's search warrant application stated that "while securing the pants of Defendant[,] [the police] located a baggie containing cocaine."[1] A local magistrate judge signed a warrant authorizing a search of Brunson's home, during which police recovered drugs, money, jewelry, and other assets.

A grand jury indicted Brunson, and the District Court appointed Samuel Rivera to represent Brunson. Rivera moved to suppress, and the District Court held an evidentiary

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Appx. 002A, 066A; *United States v. Brunson*, 2020 WL 6710207, at *1 (M.D. Pa. Nov. 16, 2020).

2

hearing. The court challenged Rivera's need to question anyone besides Trooper Fink, because "to call [additional] witnesses . . . seems inapt."[2] Trooper Fink testified that his prior description of the cocaine as having been found inside a baggie—as opposed to inside a one-dollar bill—was a mistake. On cross-examination, Rivera focused on the timing of the search. Rivera asked no additional questions of Trooper Fink and presented no witnesses of his own.

The District Court denied Brunson's motion because he failed to make a showing to overcome the presumption of validity under *Franks v. Delaware*.[3] Brunson then entered into a plea agreement with the government. After noting that he was displeased with the plea agreement and with Rivera's representation, Brunson and the government entered into a new, conditional plea agreement. The agreement permitted Brunson to withdraw his guilty plea if we ruled in Brunson's favor on his appeal of the suppression motion. Brunson pleaded guilty and appealed. We affirmed the District Court's denial of the motion to suppress.

Brunson then brought a § 2255 habeas petition, alleging that he was denied his Sixth Amendment right to effective assistance of counsel at his suppression hearing. The District Court denied Brunson's petition without holding a hearing and declined to enter a certificate of appealability. We granted Brunson's motion for a certificate of appealability to determine whether the District Court should have held an evidentiary hearing under §

---

[2] Appx. 041A; Appx. 040A (noting that the court was "not inclined to sit and listen to testimony").
[3] 438 U.S. 154 (1978).

3

2255. Because the record conclusively establishes that Brunson is not entitled to habeas relief, we will affirm.

## II.

Section 2255 directs a district court to conduct promptly an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[4] To show ineffective assistance of counsel, a movant must demonstrate their counsel's performance was deficient and the deficiency prejudiced the movant.[5] Thus, a hearing is not required where "a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant."[6]

The record conclusively establishes that Brunson's claim fails under *Strickland*'s first prong. The deficiency prong asks whether counsel's performance fell below an objective standard of reasonableness.[7] Courts are hesitant to question counsel's decisions, as "there is a strong presumption that counsel [focused on particular issues] for tactical

---

[4] *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (quoting 28 U.S.C. § 2255); *see also United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (explaining that a § 2255 motion may only "be dismissed without a hearing [only] if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact") (alteration in original) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).
[5] *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Arrington*, 13 F.4th at 334.
[6] *Arrington*, 13 F.4th at 334. Brunson need not prove deficiency or prejudice; he "must simply allege a set of facts that is not frivolous or clearly contradicted by the record and that demonstrates (if assumed to be true) that he would plausibly be entitled to relief under *Strickland*." *Id.* at 335.
[7] *Strickland*, 466 U.S. at 687–88.

reasons rather than through sheer neglect"[8] and that their conduct "falls within the wide range of reasonable professional assistance."[9] To overcome that presumption, the challenger must show that the posited strategy did not motivate counsel or that counsel's "actions could never be considered part of a sound strategy."[10]

Brunson fails to overcome this presumption as a matter of law. The District Court points to several well-reasoned and appropriate tactical strategies to support Rivera's actions.[11] First, the record demonstrates that further questioning about Trooper Fink's characterization of the cocaine would have been futile.[12] Second, the record conclusively supports Rivera's strategic decision not to call the other officers, Wilson, and Brunson regarding the marijuana.[13] Because the record demonstrates at least two unchallenged

---

[8] *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (recognizing that counsel need not pursue every legal strategy but may "focus on some issues to the exclusion of others").

[9] *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 688–89); *Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

[10] *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005).

[11] Brunson contends that "no conceivable strategy . . . would justify counsel's lackadaisical performance." Reply at 3. However, he does not engage with the strategies the District Court and government posit.

[12] The District Court found "no evidence from which to infer that Trooper Fink inserted this misstatement in a knowing or deliberate way," and Trooper Fink's statement was not necessary to the finding of probable cause as "the remainder of the affidavit still establishes probable cause to issue a search warrant." Appx. 008A, 70A.

[13] The record plainly contradicts Wilson and Brunson's statements regarding the existence of marijuana and thus cannot be accepted as true. *See McCoy*, 410 F.3d at 134. The court would have had no reason to accept Wilson's and Brunson's "self-serving" statements. *See* Appx. 009A. In fact, Wilson's affidavit does not dispute the existence of marijuana at the time of Brunson's arrest as she was not home. Moreover, Brunson's affidavit does not dispute the odor of marijuana.

5

tactical reasons for Rivera's conduct, we find that the record conclusively demonstrates that Rivera's conduct was not deficient.  Thus, Brunson does not meet his burden.[14]

For the above reasons, we will affirm the order of the District Court.

---

[14] Because Brunson fails at step one, we need not address prejudice.