# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3037
_____

Geneva Kristina Hudson, also known as Geneva Hudson

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: March 20, 2025
Filed: June 16, 2025
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

After a jury convicted her of various drug offenses, Geneva Hudson sought post-conviction relief, claiming her attorney failed to inform her of the benefits of pleading guilty. The district court[1] denied her motion without a hearing. Hudson appeals, and, having jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

Hudson was indicted on one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)-(B), and 846, and three counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)-(C). Hudson's co-defendants pled guilty, but she chose to proceed to trial. On the first day, the Government dismissed one of the distribution counts, and the jury eventually found Hudson guilty of the other three charges. After calculating a United States Sentencing Guidelines range of 324 to 405 months' imprisonment, the district court varied downward and sentenced Hudson to 270 months' imprisonment on each count to be served concurrently. Hudson appealed her sentence and conviction, and we affirmed. See United States v. Hudson, No. 21-1887, 2022 WL 1210089 (8th Cir. Apr. 25, 2022) (per curiam).

Hudson then filed a pro se motion to vacate her sentence under 28 U.S.C. § 2255. In a sworn affidavit, she claimed that trial counsel had been constitutionally deficient because, as relevant here, he "failed to advise [her] as to all facts and law relevant to her decision to plead not guilty and proceed to trial." Had he done so, Hudson claimed, "there is a reasonable probability that [she] would have pleaded guilty and/or nolo contendere and/or proceeded to a bench trial on stipulated facts and/or would have pleaded to a Fed. R. Crim. P. 11(c)(1)(C) agreement which substantially reduced her sentence exposure." The district court appointed counsel for Hudson, who filed an amended § 2255 motion. In that motion, Hudson alleged that her trial counsel "failed to adequately advise [her] of the benefits of pleading guilty as opposed to going to trial, even in the absence of a plea agreement, including benefits under the United States Sentencing Guidelines and 18 U.S.C. [§] 3553(a)." Unlike her pro se motion, however, these allegations were not sworn to or verified by Hudson.

At the Government's suggestion, the district court ordered Hudson's trial counsel to submit an affidavit answering the allegations. He did so, detailing his conversations with Hudson from her indictment up to and through her conviction at

trial.  In particular, trial counsel recounted how he sent a representation letter to Hudson informing her that "[c]ooperation with the Government c[ould] lower [her] sentence significantly" and that she would "lose the benefit of 'acceptance of responsibility'" should she proceed to trial and be convicted.  He also detailed other communications with Hudson, including a letter informing her that "there [wa]s a three (3) point reduction for proper 'acceptance of responsibility'" and that "there may be additional reductions if [she chose] to provide 'substantial assistance.'"  In addition to written correspondence, trial counsel recalled numerous phone calls and in-person conversations with Hudson, many of which involved "trial preparation," "discussion[s] of plea options," and "Guideline calculations of trial v. pleading guilty."  Despite these conversations, trial counsel recalled that Hudson was uninterested in "any meaningful, or substantive, plea negotiations."

The district court denied Hudson's motion without a hearing.  First, the court noted that Hudson was equivocal about what she would have done had she been advised of the consequences of proceeding to trial as she alleged.  In any event, the court noted that Hudson's only sworn affidavit, included as part of her pro se motion, did not establish a reasonable probability of receiving a better sentence, as several of her proposed alternatives would not entitle her to a credit for acceptance of responsibility.  Ultimately, the district court rejected Hudson's claim because she did not suggest that she even considered pleading guilty before trial.  The district court further noted that, in contrast to Hudson's unsworn allegations, trial counsel provided, in a sworn affidavit, his advice about the potential benefits of pleading guilty, and Hudson did not directly contest any of trial counsel's statements.  Because she did not offer any evidence or sworn statement rebutting trial counsel's representations, the district court denied Hudson's motion.  Hudson now appeals.

II.

Hudson argues that she was entitled to an evidentiary hearing on her ineffective assistance claim.  "A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless 'the motion and the files and the records of the case

-3-

conclusively show that [she] is entitled to no relief.'" United States v. Ledezma-Rodriguez, 423 F.3d 830, 835-36 (8th Cir. 2005) (citation omitted). We review a district court's ultimate decision not to hold such a hearing for an abuse of discretion, but we "look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo." Id. at 836 (citation omitted).

In a claim alleging ineffective assistance of counsel, the defendant bears the burden to show that trial counsel acted "outside the wide range of professionally competent assistance" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Sanders v. United States, 341 F.3d 720, 721-22 (8th Cir. 2003) (quoting Strickland v. Washington, 466 U.S. 668, 689-94 (1984)). When a petitioner claims her attorney failed to properly advise her on the benefits of pleading guilty, she must show that she would have pled guilty "but for [her] counsel's advice" to carry her burden. See id. at 722 (quoting Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)).

Such a claim, however, "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen, 68 F.3d at 240. In other words, to justify an evidentiary hearing, Hudson "must present some credible, non-conclusory evidence that [s]he would have pled guilty had [s]he been properly advised." See id. at 241.

She has not done so. Hudson claims that, had counsel informed her of the benefits of pleading guilty, she would have done so. But "[t]he record is completely barren of any evidence" in support of that claim. See id. In both her sworn pro se pleading and her unsworn amended motion, Hudson does not mention anything beyond a cursory recitation of the ineffective assistance standard from Strickland. Conclusory allegations like these without factual support do not justify an

-4-

evidentiary hearing.  See Hyles v. United States, 754 F.3d 530, 535 (8th Cir. 2014) ("Nothing in the record indicates [the defendant] wanted [to plead guilty] even if properly advised about the risks of trial.").  Because Hudson's sworn statement, at most, presents only "conclusions rather than statements of fact," she was not entitled to an evidentiary hearing.  See Sanders, 341 F.3d at 722 (citation omitted); see also Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (noting that a § 2255 movant must provide more than "conclusory allegations unsupported by specifics" (citation omitted)).  Thus, Hudson cannot carry her burden of showing prejudice.  See Sanders, 341 F.3d at 722-23.

Nor has she shown that her counsel was deficient.  In contrast to Hudson's pleadings, trial counsel's affidavit is both sworn to and factually detailed.  He describes at length his communications to Hudson about the benefits of pleading guilty, and Hudson "has not submitted any affidavits or other evidence of h[er] own" which contradict counsel's recollection.  See id. at 723.  Indeed, Hudson has provided no sworn statement, documentary record, or evidence of any kind suggesting that counsel's statements are untrue.  Her only argument is that her general claims of deficient performance and prejudice are sufficient to justify an evidentiary hearing.  Under our precedent, she is wrong.  See id. at 722-23 (affirming denial of evidentiary hearing where trial counsel submitted an affidavit recounting discussions on benefits of pleading guilty); Engelen, 68 F.3d at 240-41 (same).  Thus, to the extent Hudson even makes non-conclusory factual assertions, "they are contradicted by the record [and] inherently incredible."  See Engelen, 68 F.3d at 240.  "[T]he motion, files[,] and records of th[is] case conclusively show" that Hudson is not entitled to relief.  See id.  Accordingly, the district court did not abuse its discretion in denying Hudson an evidentiary hearing, nor did the district court err in denying her motion on the merits.

III.

For these reasons, we affirm the judgment of the district court.

_____